GEORGE LICH, ADMINISTRATOR OF LOUIS ENGEL, Respondent, *v.* JOHN L. BERNICKER AND SUSAN BERNICKER, HIS WIFE, Appellants.

*Administration—Trust.*—Where a party, acting as executor *de son tort*, procures a lease of premises which had been previously held by his testator, but which had been forfeited for non-payment of rent, he will hold the property as trustee for the benefit of the distributees or representatives of the deceased.

*Appeal from St. Louis Circuit Court.*

*Kribben*, for respondent.

*A. M. & S. H. Gardner*, for appellants.

BATES, Judge, delivered the opinion of the court.

Louis Engel died intestate, leaving a widow and several minor children. The widow is the defendant Susan Bernicker, who intermarried with the other defendant, John L. Bernicker. Upon the death of Engel, his widow took possession of his estate, and used and managed it as if it were her own property. After several years, she married Bernicker, and thereafter she and her husband managed the property. The widow seems to have acted with entire fairness, and without any design to defraud her husband's estate, but in ignorance of what was her proper course.

The plaintiff, having been appointed administrator of Engel's estate, brought this suit for an account of the assets re-

ceived by the defendants, and for their delivery and payment to him.

The estate consisted principally of money, and a leasehold interest in a lot in the city of St. Louis. The lease had nearly expired; but contained a clause for its renewal for five years longer, if the lessee should have performed all his covenants, including that to pay rent. At the time of Engel's death an instalment of rent was due and unpaid, and shortly thereafter another instalment, and the last, became due and remained unpaid; and thus the right to a renewal of the lease became forfeited. The widow afterward, upon paying up all the back rent, procured a lease to herself of the property for twenty years, and sublet a portion of it, and improved with buildings another portion, using for that purpose money of the estate.

In the progress of this cause, after the defendants had, under the order of the court, delivered up to the plaintiff a note for $3,500, which represented a large portion of the money of the estate, a commissioner was appointed " to take and state an account of all the moneys belonging to said estate, and the use and profits which had come to the hands of the said defendants, or either of them, and of the rents and profits of the leasehold estate aforesaid, up to January first, eighteen hundred and fifty-eight, and of any sale, assignment or transfer of any portion of the same which have come to the hands of said defendants, or either of them, and of any moneys which defendants, or either of them, have expended in and about the premises."

The commissioner reported an account in which he charged defendant with all the money received by her of assets of the estate of Engel, and with two considerable sums of money received by her as interest on loans, and with all receipts by her of rents and other profits from the leased property for five years after the lease was granted to her, and also with the estimated value of the buildings erected by her on the leased property, and interest thereon, and gave her credit for all disbursements on account of the leased property, including

those for the erection of buildings, as well as rent paid, taxes, repairs, &c., and also for the $3,500 note, paid to the plaintiff, as stated above.

The court confirmed the report and gave judgment against the defendants for the balance thus ascertained.

It is obvious that this mode of stating the account is erroneous. The defendant is charged with the whole amount of money received by her, and then also charged with the value of the buildings in which the money was invested, (because it was so invested,) thus charging her twice for the very same money.

The proper way is to charge her with the whole amount of the assets of the estate received by her, and with interest thereon, and give her credit for the sum paid to the plaintiff at the time it was paid.

Certainly, under the circumstances, as she took possession of the estate without having letters of administration only through ignorance of their being necessary, and has dealt with the estate with entire good faith, and receives no compensation for her own services to the estate, nor for maintaining and rearing the infant children, she should not be held liable for anything more.

As the record furnishes the means for computing the amount for which judgment should be rendered, the cause will not be remanded; but the judgment of the lower court will be reversed and judgment will be rendered in this court for the proper amount. Judges Bay and Dryden concur.